IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

LEO CITY

      Plaintiff,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY; and MATRIX ABSENCE MANAGEMENT, INC.

      Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Leo City, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Leo City, is a natural person and citizen of the State of Colorado, who resides in Aurora, with a current mailing address of 1919 South Hannibal Street, Unit F, Aurora, Colorado 80013.

2. Defendant, the Reliance Standard Life Insurance Company, d/b/a First Reliance Standard Life Insurance Company ("Reliance"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims. The

Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

3. Defendant, Matrix Absence Management, Inc. ("Matrix"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the processing and adjustment of group disability insurance claims. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

## JURISDICTION AND VENUE

4. At all pertinent times, Defendants administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of Breakthru Beverage Group, LLC, a distribution company ("BBG"). Upon information and belief, the Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.* ("ERISA"). Upon further information and belief, the Plan has delegated to Defendants its obligation to make all benefit decisions at issue in this claim, and Defendant Reliance also acts as the Plan's insurer.

5. At all pertinent times, Plaintiff was a full-time employee of BBG and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policy issued by Defendants to BBG.

7. At all pertinent times, Defendant Reliance insured the BBG benefit plan.

8. At all pertinent times, Defendant Matrix adjusted claims on behalf of Defendant Reliance.

## JURISDICTION AND VENUE

9. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy, pursuant to 29 U.S.C. §1132, ERISA §503.

10. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendants regularly conduct business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

11. At all pertinent times, Plaintiff was employed by BBG as a beverage truck delivery driver, which is a position that required very heavy lifting (over 100lbs), as well as significant walking, climbing, carrying, pushing and pulling. The position therefore requires strenuous physical activity.

12. In or around 2018, Plaintiff was diagnosed with various injuries including but not limited to an abdominal wall contusion and hernia, and significant sprain/strain injuries to his lower back, resulting in chronic pain, limitations and restrictions.

13. Eventually, Plaintiff was unable to continue working on a regular and full-time basis, as of October 16, 2018.

14. These issues prohibit Plaintiff from continuing to perform the requirements of his job at BBG (or any other similar occupation) on a regular, full-time and consistent basis, as of October 16, 2018.

15. Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above on a consistent basis. This includes, but is not limited to, the ability to perform (very) heavy lifting.

16. As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own occupation, Plaintiff applied to his employer for short-term disability benefits, which were approved, and paid in full.

17. Thereafter, Plaintiff applied for LTD benefits with the effective disability date of October 16, 2018.

18. As pertinent here, the Plan provides for LTD if, due to sickness or injury, the employee is disabled from his own occupation during the Plan's own occupation period of 24 months (and thereafter if disabled from any other reasonable occupation).

19. At all pertinent times Plaintiff:

    a. Suffered from a sickness/illness; and

    b. Was unable to perform the essential duties of his own occupation (due to said sickness.

20. Initially, Defendants denied Plaintiff's claim for LTD benefits, which was overturned following an appeal by Plaintiff.

21. Thereafter, and on or about July 19, 2019, Defendants terminated benefits again, again arguing Plaintiff was no longer disabled as defined by the Plan.

22. Thereafter, Plaintiff (again) timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical

documentation and other information in support of his claim, including additional letters of support and/or medical records from his treating physician and/or others.

23. Plaintiff also included additional information with his appeals, including medical records demonstrating the nature and extent of his ongoing disability and including supporting statements from his physician.

24. Defendants refused to alter their position and issued its final denial of Plaintiff's claim on or about March 21, 2021.

25. Defendants' determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

26. Defendants' determination was otherwise erroneous, and/or arbitrary and capricious in that Defendants failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other general occupation.

27. Defendants have unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendants' denial of benefits.

28. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

29. Plaintiff has been damaged by Defendants' wrongful conduct, including that he has lost needed LTD benefits.

# CLAIM FOR RELIEF:
# VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
# PLAINTIFF V. DEFENDANTS

30. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

31. At all pertinent times, Defendants were claim fiduciaries, fiduciaries and/or administrators of the Plan, and/or claim administrators, within the meaning of ERISA.

32. Defendants were otherwise delegated the authority to administer claims for LTD benefits by the Plan.

33. At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own occupation and provided reasonable documentation (medical or otherwise) of that fact.

34. Defendants have improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

35. Defendants' wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

   B. Failing to provide an adequate review and appeal;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairments and/or pain;

   E. Failing to reasonably interpret and apply the terms of the Plan;

   F. Failing to conduct a reasonable investigation; and/or

   G. Otherwise failing to reasonably and properly interpret and implement all Plan provisions.

36. As a matter of law, Defendants have an inherent conflict of interest in this matter as claims administrator and guarantor.

37. Defendants' wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## DAMAGES

38. The Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendants' conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendants and/or the Plan as follows:

   A. A declaratory judgment that Defendants have violated Plaintiff's rights under ERISA;

   B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendants to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendants' wrongful conduct;

   C. Retroactive reinstatement LTD and/or any other associated benefits, and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well

      as an order, requiring Defendants to process Plaintiff's claim for future LTD disability benefits.

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

F. Such other and further relief as this Court deems just and appropriate.

Dated this 30th day of April, 2021.

            SILVERN & BULGER, P.C.

            *s/Thomas A. Bulger, Esq.*

            _____
            Thomas A. Bulger, Esq.
            Counsel for Plaintiff
            4800 Wadsworth Boulevard, Suite 307
            Wheat Ridge, Colorado   80033
            (3030 292-0044
            Facsimile (303) 292-1466
            Email: counsel@silvernbulger.com

**Plaintiff's address:**

1919 South Hannibal Street, Unit F
Aurora, Colorado 80013